PUBLIC LIBRARIES
Under 65 O.S. 3-114 [65-3-114] (1978), the State Department of Vocational and Technical Education is not exempt from providing to the publications clearinghouse of the Department of Libraries twenty-five (25) copies of curriculum manuals, including those developed for new industries and those developed for the Mid-America Vocational Curriculum Consortium. Under 74 O.S. 3105 [74-3105] (1978), if a publication is not specifically authorized by statute, the name of the person or persons designated by the State Board of Vocational and Technical Education and by the State Board of Education, is to be set out near the beginning of the publication printed by the respective Board or department. Under the Department of Libraries Rules and Regulations relating to legal publications, the term "official reports of decisions" includes decisions in teacher hearings and other hearings held by the State Board of Education and the State Board of Vocational and Technical Education; the term "rules and regulations" includes rules and regulations of these Boards; and, the term "transcripts of public hearings" applies to teacher hearings and hearings held on rules and regulations where a transcript is in fact made. The Attorney General has considered your request for an Opinion wherein you set out the following questions: (1) May the State Department of Vocational and Technical Education have special permission to send four (4) copies of curriculum manuals to the Clearinghouse instead of the twenty-five (25) because of excessive costs? (2) May the State Department of Vocational and Technical Education be exempt from sending any curriculum manuals developed for new industry because of the confidentiality of the manuals? (3) May the State Department of Vocational Technical Education be exempt from sending any curriculum materials developed by Mid-America Vocational Curriculum Consortium (MAVCC) because of multi-ownership? (4) In specifying the authorization for printing publications not authorized by a specific statute, on whose authority should the State Department of Vocational and Technical Education's publications be printed? On whose authority should the State Department of Education's publications be printed? (74 O.S. 3105 [74-3105] of the Act). (5) Under Legal Publications, Sec. 207, of the Department of Libraries' rules and regulations, does the term "official reports of decisions", mean decisions made in teacher hearings or any other hearings the Boards might hold? And does this come under Legal Publications? (6) Under the above regulations, does the term "rules and regulations", adopted by both Boards come under the category of Legal Publications? (7) Under subsection 4 of 65 O.S. 3-113.2 [65-3-113.2] (1978), does the term "transcripts of public hearings" apply to teacher hearings and hearings held on rules and regulations? (These are not normally transcribed because of the expense) In regard to your first question, Section 5, Chapter 165 O.S.L. 1978, 65 O.S. 3-114 [65-3-114] (1978) requires every agency of state government except institutions of higher education, to provide to the publications clearinghouse of the Department of Libraries twenty-five (25) copies of any book, chart, document, facsimile, map, paper, periodical, report, serial, survey, or any other type of publication. That section of law goes on to provide that in the event an agency fails to comply, the Attorney General shall immediately institute mandamus proceedings to secure compliance. The Legislature in enacting this provision made no exception for the curriculum manuals of the State Department of Vocational Technical Education. Your first question is therefore answered in the negative. Concerning your second question, a review of Chapter 165, O.S.L. 1978, discloses no exemption from the Act for curriculum manuals developed for new industry by the State Department of Vocational and Technical Education on the basis of confidentiality of such manuals. Your second question is therefore answered in the negative. Concerning your third question, it would appear that if the Oklahoma State Department of Vocational and Technical Education shares the cost of printing and materials developed by the Mid-America Vocational Curriculum Consortium, even though such materials are jointly owned by twelve different states, that these materials also would come within the requirement of 65 O.S. 3-114 [65-3-114] (1978). Further, we find no applicable exemption or exclusion for this type of material in the Act. Concerning your fourth question, under the requirement of 74 O.S. 3105 [74-3105] (1978) that if a publication is not specifically authorized by statute the name of the person or persons so authorizing the publication is to be stated near the beginning of the publication, the determination of on whose authority should the State Department of Vocational and Technical Education's publications be printed and on whose authority should the State Department of Education's publication be printed is a policy determination to be made by the State Board of Vocational Technical Education and the State Board of Education, respectively. Such administrative determination by the respective Boards should specify which employee or employees of the respective departments are authorized to order the printing of publications. Concerning your fifth question, it would appear that the term "official reports of decisions" as referred to in the rules and regulations adopted by the Department of Libraries would include decisions made in teacher hearings and other hearings held by the Boards. Concerning your sixth question, the term "rules and regulations" as used in the Department of Libraries Rules and Regulations with reference to rules and regulations of other agencies, would include the rules and regulations adopted by either the State Board of Vocational and Technical Education or the State Board of Education. Concerning your seventh question, the term "transcripts of public hearings", as used in subsection 4 of 65 O.S. 3-113.2 [65-3-113.2] (1978), would include transcripts from teacher's hearings and other hearings held on rules and regulations in those instances where transcripts are in fact made as a result of such hearings. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Under 65 O.S. 3-114 [65-3-114] (1978), the State Department of Vocational and Technical Education is not exempt from providing to the publications clearinghouse of the Department of Libraries twenty-five (25) copies of curriculum manuals, including those developed for new industries and those developed for the Mid-America Vocational Curriculum Consortium. Under 74 O.S. 3105 [74-3105] (1978), if a publication is not specifically authorized by statute, the name of the person or persons designated by the State Board of Vocational and Technical Education, and by the State Board of Education, is to be set out near the beginning of the publication printed by the respective Board or department. Under the Department of Libraries Rules and Regulations relating to legal publications, the term "official reports of decisions" includes decisions in teacher hearings and other hearings held by the State Board of Education and the State Board of Vocational and Technical Education; the term "rules and regulations" includes rules and regulations of these Boards; and, the term "transcripts of public hearings" applies to teacher hearings and hearings held on rules and regulations where a transcript is in fact made. (GERALD E. WEIS) (ksg)